## SUPREME COURT.

ISAAC K. GORHAM agt. THOMAS C. RIPLEY and others, Executors, &c.

By the statute, (2 *R. S.* 88, § 36,) in regard to a reference of claims against executors and administrators, whereby they are authorized "to enter into an agreement in writing, with the claimant, to refer the matter in controversy to three disinterested persons, to be approved by the surrogate," it was intended that the parties should *mutually agree* in writing, to refer the claim, and in case they should fail to select referees for themselves, that the selection should be made by the surrogate.

It is not a sufficient compliance with the statute for the executors to offer to refer the claim to three referees named by themselves. If such a proposition is rejected, and it is proposed by the claimant that the parties appear before the surrogate, for the purpose of having referees selected, it is the duty of the executors to accept such offer, to save them from the payment of costs.

*Albany Special Term, August,* 1857.

MOTION for costs against the defendants as executors.

The action was brought upon two promissory notes alleged to have been made by the defendants' testator. Before the suit was brought, the plaintiff presented his demand duly verified to the defendants, and demanded payment, which was refused. He then offered to refer the claim to three disinterested persons, to be approved by the surrogate, as provided by law. In reply to this offer, the defendants delivered to the plaintiff a stipulation in writing, whereby they offered and agreed to refer the claim to John Banker, Ephraim Ogden and Job Andrews, three impartial and disinterested persons, to be approved of by the surrogate. The plaintiff declined to refer the claim to the persons named, but served upon the defendants a notice wherein he renewed his offer to refer the claim according to the statute in such case provided, and to appear before the surrogate at such reasonable time as the defendants might name, to have the reference agreed upon and perfected. The defendants were further notified that their omission to ap-

point a time for meeting before the surrogate, would be re-
garded as a refusal to refer. No reply was made to this
notice by the defendants. An action having been brought
upon the demand, and issue having been joined, the cause was
tried at the Rensselaer circuit in June, 1857, and resulted in
a verdict in favor of the plaintiff, for the full amount of his
claim. The plaintiff moved for costs against the defendants,
both upon the ground that the payment of his demand had
been unreasonably resisted, and also that the defendants had
refused to refer the same, pursuant to statute.

> W. A. BEACH, *for plaintiff.*
> H. N. WALES, *for defendants.*

HARRIS, Justice. The claim for costs on the ground that
the demand was unreasonably resisted, has been successfully
defended. The circumstances shown by the defendants in op-
position to this motion were abundantly sufficient to justify
them in refusing to pay the plaintiff's demand. But I think
the defendants must be deemed to have refused to refer the
claim, pursuant to the provisions of the statute. They were
authorized " to enter into an agreement in writing, with the
claimant, to refer the matter in controversy to three disinter-
ested persons to be approved by the surrogate," (2 *R. S.* 88,
§ 36.) The language of this provision is not very explicit,
but I think it was intended that the parties should mutually
agree in writing, to refer the claim, and in case they should
fail to select referees for themselves, that the selection should
be made by the surrogate. It cannot be, that it is a sufficient
compliance with the statute, for the executors to offer to refer
the claim to three referees named by themselves. When this
proposition was rejected, and it was proposed that the parties
should appear before the surrogate for the purpose of having
referees selected, it was the duty of the defendants to have ac-
cepted the offer. Their omission to do so, has rendered them
liable for costs. The motion, therefore, must be granted.